# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 99-cr-40026-JPG |
| WILLIAM L. CURTIS, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant William L. Curtis's *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Doc. 144).

The Court granted Curtis's Motion to Appoint Counsel on January 29, 2008, so he is now represented by the Federal Public Defender. "The right to representation by counsel and self-representation are mutually exclusive." *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir.1992). So-called "hybrid representation" confuses and extends matters at trial and in other proceedings and, therefore, it is forbidden. *See United States v. Oreye*, 263 F.3d 669, 672-73 (7th Cir.2001).

In this case, the defendant has requested and been granted representation by the Federal Public Defender. The defendant is free to consult with his attorney in order to ensure that the Court is fully informed as to the specifics of his case and in order to ensure that the appropriate motions are filed. However, the Court will strike *pro se* motions by the defendant so long as he is represented by counsel. Therefore, the Court **ORDERS** the defendant's *pro se* motion (Doc. 144) be **STRICKEN** from the record.

**IT IS SO ORDERED.**
**Dated: February 19, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. District Judge**