**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **NO.  99-cr-40026-JPG** |
| | ) |
| **WILLIAM L. CURTIS,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on defendant William L. Curtis's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 167).  The government has responded to the motions (Doc. 172).

Curtis was convicted by a jury of one count of conspiring to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and one count of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1).  At sentencing, the Court found by a preponderance of the evidence that Curtis's relevant conduct was at least 500 grams but less than 1.5 kilograms of crack cocaine, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 36.  The Court also found by a preponderance of the evidence that Curtis obstructed justice by exhibiting reckless conduct during flight that created a substantial risk of serious bodily injury to others and that his offense level should therefore be increased by two points under U.S.S.G. § 3C1.2, yielding a total offense level of 38.  Considering Curtis's criminal history category of II, this yielded a sentencing range of 262 to 327 months in prison.  The Court sentenced Curtis to serve 327

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 1998 United States Sentencing Guidelines Manual.

months in prison on each count to be served concurrently, which was below the 30-year statutory maximum sentence the Court found to apply to Curtis.  21 U.S.C. § 841(b)(1)(C).  While in prison, Curtis has succeeded in several prison education, training and rehabilitation programs and been worker of the month on several occasions.  Curtis now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.  Specifically, Curtis asks the Court to find his post-amendment sentencing range is 210 to 262 months and to sentence him to the low end of that range.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom  McKnight v. United States*, 129 S. Ct. 1924 (2009).

I.      **Reduced Guideline Range**

Curtis satisfies the first criterion for a sentence reduction because he was "sentenced to a

term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The amendments lowered Curtis's offense level from 38 to 36, which also lowered his sentencing range. The parties dispute whether his guideline range was reduced to 210 to 262 months or 240 to 262 months (because of a statutory mandatory minimum), but in either case, his sentence range has been lowered.

Curtis's post-amendment lower sentencing range is 240 to 262 months. While the guidelines provide that an ordinary level 36/criminal history category II sentencing range is 210 to 262 months, U.S.S.G. § 5G1.1(c)(2) provides that the sentence cannot be less than a statutorily required minimum sentence. A defendant's statutory minimum sentence can be established by his relevant conduct, so long as the mandatory minimum does not exceed the statutory maximum established by his admissions or facts found by a jury, a result forbidden by *Apprendi v.* New Jersey, 530 U.S. 466 (2000). *See United States v. Hernandez*, 330 F.3d 964, 980-81 (7th Cir. 2003). Curtis's statutory minimum sentence was established at 20 years by the Court's finding that his relevant conduct was 50 grams or more of crack cocaine in combination with his prior felony drug conviction. *See* 21 U.S.C. §§ 841(b)(1)(A) & 851. Thus, U.S.S.G. § 5G1.1(c)(2) requires the lower end of his guideline range to be 240 months.

## II.    Consistency with Policy Statements

He also satisfies the second criterion because allowing a reduction is consistent with the applicable policy statements. The Sentencing Commission's policy statement governing

sentence reductions following guideline amendments is contained in U.S.S.G. § 1B1.10.  That section provides that the guideline range reduction contained in Amendments 706, 711 and 715 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations.  U.S.S.G. § 1B1.10(a)(1) & (c).  Thus, the Court now has discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentences of some defendants sentenced for offenses involving crack cocaine.  No part of U.S.S.G. § 1B1.10 is inconsistent with granting Curtis a sentence reduction.

**III.    Exercise of Discretion**

Although Curtis is eligible for a reduction in light of Amendments 706 and 711, the Court exercises its discretion not to order a reduction.  In exercising this discretion, the Court is guided by the factors in 18 U.S.C. §3553(a), *see* 18 U.S.C. § 3582(c)(2), public safety considerations and Curtis's post-sentencing conduct.  *See* U.S.S.G. § 1B1.10, note 1(B).

A.    The nature and circumstances of the offense and the history and characteristics of the defendant

From 1997 through 1999, Curtis transported crack cocaine from Chicago to Carbondale, Illinois, and supplied several dealers in the area.  He was driven to multiple locations by a coconspirator to make consecutive drug sales.  Curtis was also observed cooking powder cocaine into crack cocaine.  Cooperating witnesses provided information that Curtis utilized others to distribute his crack cocaine.

On May 5, 1999, a controlled buy was conducted by authorities wherein Curtis sold a confidential source crack cocaine.  As Curtis left the area, agents blocked Curtis's vehicle at an intersection, and approached him on foot.  Curtis fled the area.  Agents attempted to conduct a traffic stop utilizing emergency lights and sirens, but Curtis evaded authorities.  On November

17, 1999, authorities observed the defendant leaving his residence and they attempted to conduct a traffic stop.  Curtis led authorities on a high-speed pursuit, which ended with the defendant's ramming his vehicle into a police vehicle, causing $2,910 in damage.  Curtis was able to elude apprehension for a short time, but was arrested later at his residence.  This latter incident was taken into consideration by the guidelines.

Curtis has two prior convictions for possession of cocaine.  These offenses were committed within two months of each other.  While on bond for these two offenses, he was arrested for the offense of aggravated assault and mob action.  This offense allegedly involved the defendant, while in possession of a shotgun, threatening another, with seven others also present.

B.    The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense

Curtis was responsible for an influx of crack cocaine in southern Illinois for several years. He traveled from northern Illinois to southern Illinois weekly, stayed in motels, and sold various amounts of crack cocaine in federal housing projects.  Those living in these low-income housing units already face hardships.  Curtis added to the detriment of those living in the area by supplying crack cocaine.  Additionally, he timed his travels to southern Illinois so that crack cocaine was available after everyone received public aid checks.

Curtis did not always travel alone to obtain his crack cocaine.  A coconspirator traveled with him on several occasions.  There was an additional occasion when Curtis and a 17-year-old traveled to northern Illinois and obtained three ounces of crack cocaine.  This use of a minor was not taken into consideration by the guidelines.

These facts demonstrate the seriousness of the offense and the detriment caused by the

5

defendant.

The next component of 3553(a)(2)(A) is the need to promote respect for the law.  The defendant's lack of respect is demonstrated by his unwillingness to surrender to authorities.  The defendant eluded authorities on two occasions.  On the second occasion, he utilized his vehicle and rammed into police vehicles, and created a dangerous situation.

C.     The need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant

Curtis worked in drug sales for approximately three years.  During this time, he sold to a number of people and distributed almost one kilogram of crack cocaine.  The Presentence Report notes that the defendant's relevant conduct is a conservative amount, as many customers were not able to articulate the amounts they purchased from the defendant.

He has two prior convictions for possession of a controlled substance (cocaine), and served a term of probation.  Despite this, he continued to sell crack cocaine.  The defendant has continued to reoffend and contribute to the delinquency of society.  A severe sentence is needed to send a message to the defendant that he may not continue to sell crack cocaine.

The Court believes the public needs to be protected from Curtis and the possibility that he will continue his drug activities and endangerment of the public from those activities and from his disregard for public safety as demonstrated in his high-speed car chase.

D.     Post-Sentencing Conduct

Curtis has adjusted well to prison life, has succeeded in several prison education, training and rehabilitation programs, and has been worker of the month on several occasions while incarcerated.  These accomplishments do not, however, render his offense conduct any less serious and or any less deserving of harsh punishment.

6

Based upon the foregoing and the reasons given at Curtis's original sentencing proceeding, and after carefully weighing all the sentencing factors of 18 U.S.C. § 3553(a), keeping in mind that the ultimate sentence must be sufficient to comply with the purposes of sentencing but not greater than necessary, the Court believes that no sentence reduction is appropriate. Had this been an original sentencing procedure after *United States v. Booker*, 543 U.S. 220 (2005), and after Amendments 706 and 711, for the foregoing reasons and the reasons given at Curtis's original sentencing proceeding, the Court would have applied a variance above the guideline range and would have imposed a sentence of 327 months. Such a sentence satisfies the sentencing objectives as set forth by statute, and the Court will not disturb it in light of Amendments 706 and 711.

## IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Curtis's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 (Doc. 167).

**IT IS SO ORDERED.**
**DATED:  August 27, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**

7