IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.   99-cr-40026-JPG |
| | ) | |
| WILLIAM L. CURTIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant William L. Curtis's *pro se* motions for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Docs. 204, 208 & 210).   The government has responded to the motions (Doc. 212), and Curtis has replied to that response (Doc. 213).

Curtis was convicted by a jury of one count of conspiring to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and one count of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1).   At sentencing, the Court found by a preponderance of the evidence that Curtis's relevant conduct was 884.07 grams of crack cocaine, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 36.   The Court also found by a preponderance of the evidence that Curtis obstructed justice by exhibiting reckless conduct during flight that created a substantial risk of serious bodily injury to others and that his offense level should therefore be increased by two points under U.S.S.G. § 3C1.2, yielding a total offense level of 38.   Considering Curtis's criminal history category of II, this yielded a sentencing range of 262 to 327 months in prison.   The Court sentenced Curtis to serve 327 months in prison on each count to be served

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 1998 United States Sentencing Guidelines Manual.

concurrently, which was below the 30-year statutory maximum sentence the Court found to apply to Curtis.   21 U.S.C. § 841(b)(1)(C).   While in prison, Curtis has succeeded in several prison education, training and rehabilitation programs and been worker of the month on several occasions.   He also had two rule infractions in 2015, one for interfering with security devices and one for possession of a cell phone.   Curtis now asks the Court to apply Amendments 750 and 782 to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.   If the defendant cannot satisfy the first criterion, the Court cannot grant the reduction request.   *See United States v. Taylor*, 778 F.3d 667, 762 (7th Cir. 2015).

## I.      Reduced Guideline Range

Curtis satisfies the first criterion for a sentence reduction because he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).   Amendments 750 and 782 amended U.S.S.G. § 2D1.1(c) after Curtis's sentencing to lower his base offense level from 36 to 32 and his total offense level from 38 to 34, which also lowered his sentencing range to

168 to 210 months.   However, as the Court has explained in its August 27, 2009, order, Curtis has

a statutory minimum of 240 months under 21 U.S.C. §§ 841(b)(1)(A) and 851.   Consequently,

under U.S.S.G. § 5G1.1(b) his effective guideline sentencing range is 240 months.[1]

## II.      Consistency with Policy Statements

He also satisfies the second criterion because allowing a reduction is consistent with the

applicable policy statements.   The Sentencing Commission's policy statement governing

sentence reductions following guideline amendments is contained in U.S.S.G. § 1B1.10.   That

section provides that the guideline range reduction contained in Amendments 750 and 782 may be

applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences

with certain limitations.   U.S.S.G. § 1B1.10(a)(1) & (c).   Thus, the Court now has discretion

under 18 U.S.C. § 3582(c)(2) to reduce the sentences of some defendants sentenced for drug

offenses.   No part of U.S.S.G. § 1B1.10 is inconsistent with granting Curtis a sentence reduction.

## III.     Exercise of Discretion

Although Curtis is eligible for a reduction in light of Amendments 750 and 782, the Court

exercises its discretion not to order a reduction for the same reasons it cited in its August 27, 2009,

order denying him a reduction under Amendments 706 and 711.   In exercising this discretion, the

Court is guided by the factors in 18 U.S.C. §3553(a), *see* 18 U.S.C. § 3582(c)(2), public safety

considerations and Curtis's post-sentencing conduct.   *See* U.S.S.G. § 1B1.10, note 1(B).   As

stated in the Court's prior order:

---

[1] It is tempting to find that Curtis's amended range is actually 168 to 210 months rather than 240 months in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).   *Alleyne* held that a fact that triggers a statutory mandatory minimum must be charged in the indictment and proved beyond a reasonable doubt, *id.* at 2163, and Curtis's relevant conduct was not.   However, to apply *Alleyne* retroactively to obtain this result, the Court would have to ignore its prior relevant conduct and statutory range findings, which it cannot do in a § 3582(c)(2) reduction proceeding.   Even if 168 to 210 months was the appropriate revised range, the Court would still not reduce Curtis's sentence for the reasons set forth in this order.

A.   The nature and circumstances of the offense and the history and characteristics of the defendant

From 1997 through 1999, Curtis transported crack cocaine from Chicago to Carbondale, Illinois, and supplied several dealers in the area.   He was driven to multiple locations by a coconspirator to make consecutive drug sales.   Curtis was also observed cooking powder cocaine into crack cocaine.   Cooperating witnesses provided information that Curtis utilized others to distribute his crack cocaine.
On May 5, 1999, a controlled buy was conducted by authorities wherein Curtis sold a confidential source crack cocaine.   As Curtis left the area, agents blocked Curtis's vehicle at an intersection, and approached him on foot.   Curtis fled the area.   Agents attempted to conduct a traffic stop utilizing emergency lights and sirens, but Curtis evaded authorities.   On November 17, 1999, authorities observed the defendant leaving his residence and they attempted to conduct a traffic stop.   Curtis led authorities on a high-speed pursuit, which ended with the defendant's ramming his vehicle into a police vehicle, causing $2,910 in damage.   Curtis was able to elude apprehension for a short time, but was arrested later at his residence.   This latter incident was taken into consideration by the guidelines.
Curtis has two prior convictions for possession of cocaine.   These offenses were committed within two months of each other.   While on bond for these two offenses, he was arrested for the offense of aggravated assault and mob action.   This offense allegedly involved the defendant, while in possession of a shotgun, threatening another, with seven others also present.

B.   The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense

Curtis was responsible for an influx of crack cocaine in southern Illinois for several years. He traveled from northern Illinois to southern Illinois weekly, stayed in motels, and sold various amounts of crack cocaine in federal housing projects.   Those living in these low-income housing units already face hardships.   Curtis added to the detriment of those living in the area by supplying crack cocaine.   Additionally, he timed his travels to southern Illinois so that crack cocaine was available after everyone received public aid checks.
Curtis did not always travel alone to obtain his crack cocaine.   A coconspirator traveled with him on several occasions.   There was an additional occasion when Curtis and a 17-year-old traveled to northern Illinois and obtained three ounces of crack cocaine.   This use of a minor was not taken into consideration by the guidelines.
These facts demonstrate the seriousness of the offense and the detriment caused by the defendant.
The next component of 3553(a)(2)(A) is the need to promote respect for the law.   The defendant's lack of respect is demonstrated by his unwillingness to surrender to authorities.   The defendant eluded authorities on two occasions.   On

4

the second occasion, he utilized his vehicle and rammed into police vehicles, and
created a dangerous situation.

>    C.    The need for the sentence imposed to afford adequate deterrence to
>          criminal conduct and to protect the public from further crimes of the
>          defendant

Curtis worked in drug sales for approximately three years.   During this
time, he sold to a number of people and distributed almost one kilogram of crack
cocaine.   The Presentence Report notes that the defendant's relevant conduct is a
conservative amount, as many customers were not able to articulate the amounts
they purchased from the defendant.

He has two prior convictions for possession of a controlled substance
(cocaine), and served a term of probation.   Despite this, he continued to sell crack
cocaine.   The defendant has continued to reoffend and contribute to the
delinquency of society.   A severe sentence is needed to send a message to the
defendant that he may not continue to sell crack cocaine.

The Court believes the public needs to be protected from Curtis and the
possibility that he will continue his drug activities and endangerment of the public
from those activities and from his disregard for public safety as demonstrated in his
high-speed car chase.

>    D.    Post-Sentencing Conduct

Curtis has adjusted well to prison life, has succeeded in several prison
education, training and rehabilitation programs, and has been worker of the month
on several occasions while incarcerated.   These accomplishments do not,
however, render his offense conduct any less serious and or any less deserving of
harsh punishment.

Mem. and Order 4-6 (Doc. 173).

The Court notes, however, that since it denied Curtis's motion for a sentence reduction

under Amendments 706 and 711, he has committed two Bureau of Prisons rule infractions –

interfering with security devices and possession of a cell phone in prison – both of which occurred

in 2015.   These additional instances of misbehavior since the Court's last reduction order do not

demonstrate the change in character Curtis professes and do not weigh in favor of giving Curtis a

reduction.

The Court has also considered positive letters submitted by friends and family in support of

Curtis and additional certificates of achievement since the Court's decision to deny his earlier request for a reduction.   Such support and training will be important when Curtis is released from prison, and the Court is encouraged that Curtis has friends and family willing to help him. However, those letters do not lessen the need to punish Curtis appropriately for his serious criminal conduct.

Based upon the foregoing and the reasons given at Curtis's original sentencing proceeding, and after carefully weighing all the sentencing factors of 18 U.S.C. § 3553(a), keeping in mind that the ultimate sentence must be sufficient to comply with the purposes of sentencing but not greater than necessary, the Court believes that no sentence reduction is appropriate.   Had this been an original sentencing procedure after *United States v. Booker*, 543 U.S. 220 (2005), and after Amendments 706, 711, 750 and 782, for the foregoing reasons and the reasons given at Curtis's original sentencing proceeding, the Court would have applied a variance above the guideline range and would have imposed a sentence of 327 months.   Such a sentence satisfies the sentencing objectives as set forth by statute, and the Court will not disturb it in light of Amendments 750 and 782.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Curtis's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 (Docs. 204, 208 & 210).

**IT IS SO ORDERED.**
**DATED:   February 1, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**