UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 99-cr-40026-JPG |
| WILLIAM L. CURTIS, | |
| Defendant. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on the defendant's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 228). The Government has responded to the motion (Doc. 230).

Curtis was convicted by a jury of one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1) and one count of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 3). The Court sentenced the defendant for Count 1 under the statutory sentencing range set forth in 21 U.S.C. §§ 841(b)(1)(A) and 851—no less than 20 years—and for Count 3 under the statutory sentence range set forth in 21 U.S.C. §§ 841(b)(1)(C) and 851—no more than 30 years.

At sentencing, the Court found that Curtis's relevant conduct was 884.07 grams of crack cocaine, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 36. The Court also

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 1998 United

found that Curtis obstructed justice by exhibiting reckless conduct during flight that created a substantial risk of serious bodily injury to others and that his offense level should therefore be increased by two points under U.S.S.G. § 3C1.2, yielding a total offense level of 38. Considering Curtis's criminal history category of II, this yielded a sentencing range of 262 to 327 months in prison. The Court sentenced Curtis to serve 327 months in prison on each count to be served concurrently, followed by 10 years of supervised release. Curtis appealed, and the Court of Appeals affirmed the sentence in 2002. *United States v. Curtis*, 280 F.3d 798 (7th Cir. 2002).

Later, the Court twice found Curtis was eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of retroactive amendments to the sentencing guidelines, but it declined to make such a reduction based on consideration of the relevant sentencing factors of 18 U.S.C. § 3553(a). Curtis's appeals of those decisions were dismissed as frivolous, *United States v. Curtis*, 355 F. App'x 965 (7th Cir. 2009). and affirmed, *United States v. Curtis*, 691 F. App'x 268 (7th Cir. 2017), respectively. It appears Curtis is serving the remainder of his sentence, which is set to expire in June 2023—outside of the prison walls on home confinement under the supervision of a residential reentry management field office.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.² Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine

---

States Sentencing Guidelines Manual. At the time the Court sentenced Curtis, the Supreme Court had not yet decided *United States v. Booker*, 543 U.S. 220 (2005), and the sentencing guidelines were mandatory.
² Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for

2

offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act. *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether

---

which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

the Fair Sentencing Act modified a penalty).   Where another non-covered offense is part of an aggregate sentencing package dependent on a covered offense, the Court may reduce that component of the package as well.   *United States v. Hudson*, 967 F.3d 605, 612 (7th Cir. 2020).

The parties agree that the defendant is eligible for a sentence reduction under the First Step Act either because both of his crimes are covered offenses or they are part of an aggregate sentencing package that includes a covered offense.   In fact, both of his crimes are covered by § 404 of the First Step Act.   He committed the federal offenses before August 3, 2010, and the Fair Sentencing Act modified the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(A)(iii) and, indirectly, the range set forth in 21 U.S.C. § 841(b)(1)(C), *see United States v. Hogsett*, 982 F.3d 463, 467 (7th Cir. 2020), under which he was sentenced for Counts 1 and 3, respectively.   Because the Fair Sentencing Act modified the penalties for the statutes under which the defendant was sentenced, his offenses qualify as covered offenses under the First Step Act.   *See Shaw*, 957 F.3d at 739.   Thus, the defendant is eligible for reduction under the First Step Act, subject to the Court's discretion..

In support of a sentence of time served, Curtis notes that he has already served approximately 254 months of his sentence of incarceration, over what his sentencing guideline range would have been had he been sentenced today.   While in prison, Curtis succeeded in numerous prison education, training and rehabilitation programs and was worker of the month on several occasions.   He also has had only two rule infractions, both in 2015.   One was for interfering with security devices and one was for possession of a cell phone.   His disciplinary record since then is clean.   He is now 50 years old and is currently on home confinement and living in Clarksville, Tennessee.   He argues that the confidence the BOP placed in him by

releasing him to the community is a testament to his rehabilitation and the BOP's view that he is no longer a danger to the community.   He lives with his sister and works 50 hours per week at a job assembling air conditioners.

On the other hand, the Government urges the Court to use its discretion to deny the defendant a reduction despite his eligibility for one for the same reasons the Court gave for denying him reductions under 18 U.S.C. § 3582(c)(2)—including his history and personal characteristics, the facts of this case, his lack of respect for the law, his dangerousness to society, and the appropriateness of a 327-month sentence regardless of the sentencing guideline range. The Government further notes that since Curtis is already living and working outside prison while on home confinement, any incremental additional restriction on his liberty posed by being under BOP custody as opposed to supervised release should not concern him.

As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as such a proceeding is not required by the First Step Act.   *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *see United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (*per curiam*; "Courts generally agree that plenary sentencing is not required. . . ."); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all").   Furthermore, to the extent the Court might have discretion to hold a hearing, it declines to do so as the arguments are already well-articulated in the record.

As recommended by the United States Court of Appeals for the Seventh Circuit in *Shaw*, 957 F.3d at 734, 741-42, the Court considers the defendant's pre-sentence and post-sentence

conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to the defendant's request. Also, although it is not bound to give any reduction based on current statutes, guidelines, or sentencing law, those factors are relevant to its consideration of how to exercise its discretion. *Corner*, 967 F.3d at 665; *Hudson*, 967 F.3d at 612 (citing *Shaw*, 957 F.3d at 741-42).

Had Curtis been sentenced today on the crimes as charged his indictment, that is, without charging any drug amounts, his statutory sentencing range would have been no more than 30 years. *See* 21 U.S.C. §§ 841(b)(1)(C) and 851. He would have been subject to a supervised release term of no less than 6 years of supervised release. *Id.* Additionally, the base offense level associated with his relevant conduct of 884.07 grams of crack cocaine under the amended and now-advisory guidelines would have been lower—32 instead of 36—as would his total offense level—34 instead of 38. The advisory guideline sentencing range based on a total offense level of 34 and a criminal history category II would have been 168 to 210 months. Curtis's existing 327-month sentence was above this advisory guideline range but within the statutory ranges that would have applied under the Fair Sentencing Act.

However, the Court believes that, had the Government foreseen that drug amounts were required to be charged and had it charged Curtis today, it easily could have charged him in Count 1 with conspiracy to distribute more than 28 grams, or possibly more than 280 grams of crack cocaine. After all, his relevant conduct exceeded 880 grams of crack cocaine, and that was a conservative estimate. This would have established his statutory sentencing range for Count 1 as either 10 years to life, or possibly 20 years to life. In either case, his guideline sentencing range would have been the same—168 to 210 months. The Court notes these "what ifs" with

6

respect to the indictment only to show that it has considered the whole picture, and this is the appropriate framework in which the Court should consider how to exercise its discretion

Its prior consideration of the § 3553(a) factors explained at sentencing remains valid as to Curtis's pre-sentence conduct.   However, the Court must recognize that, with the exception of his two disciplinary infractions in 2015, Curtis has done well since then.   He has taken numerous opportunities for education and rehabilitation.   Having spent more than 21 years in prison, he is older now and presumably wiser.   The BOP, who is in a good position to judge his rehabilitation and current dangerousness, has found him worthy of release to home confinement. There, he is living with his family and contributing to society by working more than the standard 40-hour work week.   It appears to the Court that Curtis should get some reduction in his sentence.   However, the Court weighs this with the facts of Curtis's case, which involved two high-speed car chases—one in which Curtis intentionally rammed a law enforcement vehicle— that recklessly endangered the public, including possible children in proximity to a school (*see* PSR ¶¶ 24 & 29 and trial testimony).

Balancing the relevant factors, the Court believes Curtis should still serve a lengthy sentence that falls above the guideline range that would have applied had he been sentenced today—168 to 210 months—but that he should also be rewarded for the positive steps he has taken in his life.   Accordingly, the Court will reduce Curtis's sentence of incarceration by approximately a year and will reduce his supervised release term from 10 to 6 years.   This sentence is within the statutory sentencing range applicable under the Fair Sentencing Act, no more than 30 years in prison.

Accordingly, the Court **GRANTS** the defendant's motion for a reduction on both counts

(Doc. 228) to "time served effective June 19, 2022" plus a reduced term of supervised release of 6 years.   It will enter a separate order of reduction in the Court's standard format.   In light of this ruling, the Court **DENIES as moot** the defendant's *pro se* motion for a reduction (Doc. 223).

**IT IS SO ORDERED.**
**DATED:   February 4, 2021**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**